UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID PRICE, an individual, | |
| Plaintiff, | CASE NO.: |
| v. | |
| EAGLE ENTERPRISES OF JEFFERSON, INC., a Domestic Corporation, | |
| Defendant. | |

**COMPLAINT**

Plaintiff, DAVID PRICE, by and through his undersigned counsel, hereby files this Complaint and sues EAGLE ENTERPRISES OF JEFFERSON, INC., a Domestic Corporation, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, DAVID PRICE, (hereinafter referred to as "MR. PRICE" or "PLAINTIFF"), is a resident of Jefferson Parish, Louisiana.

4. MR. PRICE is a qualified individual with a disability under the ADA. MR. PRICE was injured in a motorcycle accident and is paralyzed from the waist down. MR. PRICE

is a T11 complete paraplegic and uses a wheelchair for mobility.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant EAGLE ENTERPRISES OF JEFFERSON, INC., a Domestic Corporation registered to do business in the State of Louisiana (hereinafter referred to as "DEFENDANT"), is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: the "Property," generally located at 7101 Veterans Memorial Blvd., Metairie LA 70003. The DEFENDANT is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana. DEFENDANT is responsible for complying with the obligations of the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers the proceeding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza, is a public accommodation and is subject to the ADA.

10. MR. PRICE has visited the Property numerous times and plans to visit the Property again in the near future.

11. During these visits, MR. PRICE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in further detail herein.

12. MR. PRICE continues to desire to visit the Property, but continues to experience

serious difficulty due to the barriers discussed herein which still exist.

13. MR. PRICE intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia*, the following barriers to access which were personally observed and encountered by Plaintiff:

A. inaccessible parking designated as accessible throughout Property due to excessive slopes and cross-slopes;

B. inaccessible parking designated as accessible due to improper ramp placement in access aisles;

C. inaccessible ramps and curb cuts due to excessive slopes and lack of proper handrails; and

D. inaccessible sidewalks throughout the Property due to excessive slopes.

15. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

18. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

19. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court Declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize

its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

By: /s/ *M. Ryan Casey*

M. Ryan Casey, Esq. (La. # 31092)
ryan@kumussman.com
KU & MUSSMAN, P.A.
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
Attorneys for Plaintiff